UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

FILED
CLERK U.S. BANKRUPTCY COURT
2005 AUG -3 AM 10: 34
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| In re: | ) | Case No. 05-17714 |
| | ) | |
| DELYTHA D. MASON, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

## MEMORANDUM OF OPINION

On May 31, 2005, debtor, Delytha Mason, filed this case in violation of a 180-day filing bar imposed in a previous case under 11 U.S.C. § 109(g). This case was eventually dismissed on June 30, 2005, and debtor was ordered to pay her outstanding filing fees. For the reasons that follow: (1) the Court imposes a new 180-day filing bar as of the date of dismissal of this case, June 30, 2005, and (2) the automatic stay of 11 U.S.C. § 362(a) shall not apply to any bankruptcy case filed in violation of this order.

## BACKGROUND AND PROCEDURAL HISTORY

Debtor filed case #04-25057 on November 24, 2004. On January 10, 2005, the Court entered an order (Docket #19 in Case #04-25057) dismissing the case, granting a 180-day filing bar, and imposing a modification of the automatic stay so that the "the automatic stay shall not apply with respect to the real property located at 11416-18 Temblett, Clevelan, Ohio." On May 31, 2005, debtor filed this case. This case was dismissed on June 30, 2005, because of failure to file a creditor matrix and Form 21, and debtor was ordered to pay her outstanding filing fees.

DISCUSSION

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C.

§ 1334(b) and Local General Order No. 84, entered on July 16, 1984, by the

United States District Court for the Northern District of Ohio. This is a "core"

proceeding pursuant to 28 U.S.C. § 157(b)(2).

Subsection 109(g) of the Bankruptcy Code provides:

Notwithstanding any other provision of this section, no individual or
family farmer may be a debtor under this title who has been a debtor
in a case pending under this title at any time in the preceding 180
days if--

> **(1)** the case was dismissed by the court for willful failure of the
> debtor to abide by orders of the court, or to appear before the
> court in proper prosecution of the case; or

> **(2)** the debtor requested and obtained the voluntary dismissal of
> the case following the filing of a request for relief from the
> automatic stay provided by section 362 of this title.

In *In re Andersson*, 209 B.R. 76 (B.A.P. 6th Cir. 1997), the Sixth Circuit

Bankruptcy Appellate Panel affirmed the decision of a bankruptcy court that

dismissed a case filed in violation of 109(g) and imposed a new 180-day filing bar.

The debtor's filing of her most recent case in violation of a filing bar imposed

under subsection 109(g) presents a scenario similar to *Andersson*, except that this

case has already been dismissed on other grounds. In addition to the prior

2

dismissal, the Court will impose a new 180-day filing bar that will commence running as of the date of dismissal of this case, June 30, 2005.

Although some courts have held that a new filing in violation of 11 U.S.C. § 109(g) is void, *see, e.g., In re Casse*, 198 F.3d 327, 342 (2d Cir. 1999); *Rowe v. Ocwen Federal Bank & Trust*, 220 B.R. 591, 595 (E.D. Tex. 1997), *aff'd without published opinion,* 178 F.3d 1290 (5th Cir. 1999), this Court need not address that issue. Rather, the Court finds that it can afford creditors similar protection by ordering that the automatic stay of 11 U.S.C. § 362(a) shall not apply to any bankruptcy case filed in violation of this order. *Cf. In re Trident Assocs. Ltd. P'ship*, 52 F.3d 127 (6th Cir. 1995) (affirming bankruptcy court decision that retroactively lifted automatic stay because Chapter 11 case was filed in bad faith).

## CONCLUSION

For the foregoing reasons, in addition to the prior dismissal order requiring debtor to pay filing fees, (1) a new 180-day filing bar is imposed as of the dismissal date of this case, June 30, 2005, and (2) the automatic stay of 11 U.S.C. § 362(a) shall not apply to any bankruptcy case filed in violation of this order.

IT IS SO ORDERED.

_____
Arthur I. Harris
United States Bankruptcy Judge

3